IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TROY FARLEY,

      Plaintiff,

vs.                                                                                          No. 20-cv-00019-KWR-GBW

SOCIAL SECURITY ADMINISTRATION,
*Andrew M. Saul, Commissioner of*
*Social Security Administration*,

      Defendant.

### ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on Plaintiff's Objections (*doc. 23*) to the Magistrate Judge's Proposed Findings and Recommended Disposition ("PFRD") (*doc. 22*). The Magistrate Judge recommended denying Plaintiff's Motion to Reverse and/or Remand (*doc. 17*) and affirming the decision of the Commissioner. Having conducted an independent, *de novo* review of the Motion, the Magistrate Judge's PFRD (*doc. 22*), and all related briefing (*doc. 19, 20, 23, 24*), the Court will overrule Plaintiff's objections and adopt the PFRD.

### BACKGROUND

Plaintiff filed her application for Social Security Disability Insurance ("SSDI") on October 24, 2014, alleging disability beginning December 6, 2012. Administrative Record ("AR") at 73. Her application was first denied on April 7, 2015. AR at 73–81. It was denied again on reconsideration on August 1, 2015. AR at 83–91. Following a hearing before an Administrative Law Judge ("ALJ"), the ALJ determined the Plaintiff was not disabled in a decision issued

November 30, 2018. AR at 7–19. The Appeals Council denied review on October 24, 2019. AR at 1–4.

Plaintiff filed suit in this Court on January 7, 2020. *Doc. 1*. On December 4, 2020, pursuant to the Court's Order of Reference (*doc. 7*), the Magistrate Judge issued his PFRD recommending denial of remand. *Doc. 22*. Plaintiff timely filed objections to the PFRD on December 18, 2020 (*doc. 23*), and the Commissioner responded on January 4, 2021 (*doc. 24*).

## STANDARD OF REVIEW

This case was referred to the Magistrate Judge to conduct hearings and perform legal analysis pursuant to 28 U.S.C. § 636(b)(1)(B). *See doc. 7*. Under that referral provision, the Court's standard of review of a magistrate judge's PFRD is *de novo*. *See* 28 U.S.C. § 636(b)(1)(C). When resolving objections to a magistrate judge's PFRD, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Moreover, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996). *See also United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.")

In adopting the Magistrate Judge's PFRD, the district court need not "make any specific findings; the district court must merely conduct a *de novo* review of the record." *Garcia v. City of*

*Albuquerque*, 232 F.3d 760, 766 (10th Cir. 2000). "[T]he district court is presumed to know that de novo review is required. Consequently, a brief order expressly stating the court conducted de novo review is sufficient." *Northington v. Marin*, 102 F.3d 1564, 1570 (10th Cir. 1996) (citing *In re Griego*, 64 F.3d 580, 583–84 (10th Cir. 1995) and *Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42*, 8 F.3d 722, 724 (10th Cir 1993)). "[E]xpress references to de novo review in its order must be taken to mean it properly considered the pertinent portions of the record, absent some clear indication otherwise." *Bratcher*, 8 F.3d at 724. A "terse" order containing one sentence for each of the party's "substantive claims," which did "not mention his procedural challenges to the jurisdiction of the magistrate to hear the motion," was held sufficient. *Garcia*, 232 F.3d at 766. The Supreme Court has explained that "in providing for a 'de novo determination' rather than *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." *United States v. Raddatz*, 447 U.S. 667, 676 (1980) (quoting 28 U.S.C. § 636(b)) (citing *Mathews v. Weber*, 423 U.S. 261, 275 (1976)).

## ANALYSIS

Plaintiff presents a single objection to the Magistrate Judge's PFRD, directed against the Magistrate Judge's finding that the ALJ did not err in failing to incorporate a standing/walking limitation in Plaintiff's residual functional capacity ("RFC") beyond a limitation to light work. *See generally doc. 23*; PFRD at 14–16. Plaintiff's objection hinges on an ambiguity in the medical source statement of Dr. Greer (a medical consultant engaged by the Social Security Administration ("SSA") to conduct an orthopedic examination of Plaintiff) concerning whether or not Plaintiff is capable of standing and walking for a cumulative total of six hours, as required by light work. *Doc. 23* at 1–3.

Dr. Greer completed both a narrative statement and a checkbox form outlining his findings concerning Plaintiff's functional limitations. AR at 762–76. In the narrative statement, Dr. Greer found that Plaintiff could stand frequently and walk frequently. AR at 766. On the checkbox form, Dr. Greer reported that Plaintiff could stand for three hours in an eight-hour workday and walk for three hours in an eight-hour workday. AR at 771. Under the SSA's rules and regulations, a limitation to "frequent" activity means that a claimant can engage in that activity for up to two-thirds of an eight-hour workday, while a limitation to "occasional" activity means that a claimant can engage in that activity for up to one-third of an eight-hour workday. SSR 83-10, 1983 WL 31251, at *5–6 (Jan. 1, 1983). The SSA's rules further provide that "the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday," while sedentary work generally requires "periods of standing or walking [for] no more than about 2 hours of an 8-hour workday." *Id*. Between the narrative statement (which provided that Plaintiff could stand for up to 5.33 hours and walk for up to 5.33 hours in an 8-hour workday) and the checkbox form (which provided that Plaintiff could stand for 3 hours and walk for 3 hours in an 8-hour workday), Dr. Greer's findings support an RFC greater than sedentary work. It is arguable whether Dr. Greer's findings support an RFC equivalent to light work.

The Magistrate Judge found no inconsistency between Dr. Greer's findings and a limitation to light work, because Dr. Greer indicated that "Plaintiff is capable of three hours each of standing and walking, for a combined six hours in an eight-hour workday." PFRD at 15. Plaintiff contends that Dr. Greer's opinion does not support a cumulative limitation of six hours for standing and walking but rather supports non-cumulative limitations of three hours for each activity. Doc. 23 at 2–3. Whether or not Plaintiff's interpretation of Dr. Greer's opinion is correct, Plaintiff's objection fails to establish any reversible error by the ALJ. Even if Dr. Greer intended for the

4

standing and walking limitations to be treated non-cumulatively, the ALJ's failure to adopt those limitations is consistent with his finding that Dr. Greer's opinion is entitled to "some, but not more weight," AR at 16. Crucially, Plaintiff does not object to the Magistrate Judge's finding that the ALJ did not err in assigning only "some" weight to Dr. Greer's opinion. *See* PFRD at 6–11.

Although Plaintiff does not raise any particular objections to the Magistrate Judge's finding that the ALJ properly weighed Dr. Greer's opinion, she suggests that the ALJ erred by failing to "consider[] the contradiction between the narrative discussion and the checkbox form in evaluating the persuasiveness of the doctor's opinion." *Doc. 23* at 3–4. This argument is nowhere to be found in Plaintiff's Motion to Remand,[1] thus it is waived. *Marshall*, 75 F.3d at 1426. Even if Plaintiff had timely raised this argument, it does not appear that it would establish a reversible error. An internal contradiction would justify assigning *less* weight to a medical opinion, not more. *Cf.* 20 C.F.R. § 404.1527(c)(3) ("The better an explanation a source provides for a medical opinion, the more weight we will give that medical opinion."); § 404.1527(c)(4) ("Generally, the more consistent a medical opinion is with the record as a whole, the more weight we will give to that medical opinion."). Therefore, the ALJ's failure to discuss this contradiction when weighing Dr. Greer's opinion is, at most, harmless error. *See Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004) (approving the harmless-error doctrine in social security cases "where, based on material the ALJ did at least consider (just not properly), we could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in another way."). Plaintiff's objection fails to establish any reversible error in the ALJ's decision. Accordingly, it is overruled.

---

[1] Indeed, Plaintiff failed to even mention this contradiction. *See* PFRD at 15–16 (noting Plaintiff's failure to address the limitations to frequent standing and walking in Dr. Greer's narrative findings).

## CONCLUSION

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Objections (*doc. 23*) are **OVERRULED**, and the Magistrate Judge's Proposed Findings and Recommended Disposition (*doc. 22*) are **ADOPTED** upon *de novo* review.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Reverse and/or Remand (*doc. 17*) is **DENIED**, and the decision of the Commissioner is hereby **AFFIRMED.**

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE